George Tilzer, J.
Plaintiffs move for summary judgment. This action has been brought to recover judgment restraining the defendants from use of the names “ Billingsley’s ” and “ Crane Boom”, from representing that Sherman Billingsley is in any way connected with defendants’ business and for incidental relief.
The defendants are successors in interest with respect to the business developed by the deceased brother of Sherman Billingsley. They removed from Park Avenue at 40th Street to the location now occupied by them on East 54th Street. Plaintiffs’ business is conducted on East 53rd Street.
Plaintiffs argue that it is not necessary to show an intent to deceive or that there be actual competition or to establish confusion and, finally, that the use of family names may be enjoined. They argue further, however, that on the claimed undisputed facts the conclusions are inescapable that the defendants have acted in bad faith with the deliberate intent to obtain an unfair *621 advantage from the good will and reputation attached to the name of Sherman Billingsley and that the acts of the defendants do create a tendency to confuse, are likely to injure, tend to dilute the distinctive quality of the trade name “ Stork Club ” and the personal name of its host, Sherman Billingsley. The plaintiffs rely on Higgins Co. v. Higgins Soap Co. (144 N. Y. 462, 468) and refer to the following language of the opinion: “ The right of a man to use his own name in his own business the law protects, even when such use is injurious to another who has established a prior business of the same kind and gained a reputation which goes with the name. But in such cases the courts require that the name be honestly used, and they permit no artifice or deceit, designed or calculated to mislead the public and palm off the business as that of this person who first established it and gave it its reputation.” It is then argued that the deceased brother of Sherman Billingsley was entitled to use his name provided he used it honestly in accordance with a certain oral agreement alleged to have been made between them in 1938. While deceased had continued to use the name Billingsley for a number of years thereafter, it is argued that laches is not a bar to the recovery since by reason of the breach of the oral agreement it has come to pass that the name has come to be used dishonestly.
There is abundant proof that Sherman Billingsley and the Stork Clnb have obtained a substantial reputation, and there is proof also of the reputation of Billingsley’s. There is inadequate proof that the defendants have established or use a so-called “ Crane Boom”. In addition, and apart from the issues of fact and law arising from the alleged oral agreement of 1938, the facts and circumstances surrounding the condition of defendants’ tenancy at Park Avenue and 40th Street, the making of the lease to the 54th Street property and the time thereof, its purpose and the application for liquor license in connection therewith and the obtaining of such license, require further investigation before adjudging that the name ‘ ‘ Billingsley’s ” is being used dishonestly and with artifice and deceit and particularly so as to vitiate any prior use by the defendants. While the court may believe that the issues raised by the defendants are tenuous, in the face of at least ‘ ‘ arguable ’ ’ issues, it is not its province to determine such issues. The drastic remedy may not be granted where there is any doubt as to the existence of such issues. The defendants are entitled to have the issues deliberately tried and their right to be heard in the usual manner of trial protected (Sillman v. Twentieth Century-Fox, 3 N Y 2d 395, 404). The motion is denied.